******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILLIAM PATTY ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE
TOWN OF WILTON ET AL.
(AC 40710)

Alvord, Bright and Bear, Js.

*Syllabus*

The plaintiffs appealed to the trial court from the decision by the defendant
Planning and Zoning Commission of the Town of Wilton granting an
application of the defendant W Co. for an amendment to an existing
special permit and for site plan approval to allow the installation of an
artificial turf field at a school. The trial court rendered judgment dismiss-
ing the appeal, from which the plaintiffs, on the granting of certification,
appealed to this court. They claimed that the trial court improperly
concluded that the commission's approval did not include alleged trailers
on the property that were prohibited by the zoning regulations. *Held*
that the plaintiffs having failed to raise their claim regarding the legality
of the alleged trailers before the commission, this court declined to
review the claim; because the plaintiffs failed to set forth their claim
that certain storage containers shown on a site plan submitted by W
Co. were trailers prohibited by the zoning regulations until their appeal
to the trial court, the commission, which was in the best position to
interpret its own regulations, was never provided with an opportunity
to evaluate the claim.

Argued November 14, 2018—officially released February 26, 2019

*Procedural History*

Appeal from the decision of the named defendant
granting the application of the defendant Wilton Youth
Football, Inc., for an amendment to an existing special
permit and for site plan approval to allow the installa-
tion of an artificial turf field at a school, brought to
the Superior Court in the judicial district of Stamford-
Norwalk and tried to the court, *Jacobs, J.*; judgment
dismissing the appeal, from which the plaintiffs, on the
granting of certification, appealed to this court.
*Affirmed.*

*Paul A. Sobel*, for the appellants (plaintiffs).

*Matthew C. Mason*, for the appellee (defendant Wil-
ton Youth Football, Inc.).

*Barbara M. Schellenberg*, for the appellees (named
defendant et al.).

*Opinion*

ALVORD, J. The plaintiffs, William Patty and Eliot Patty, appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant Planning and Zoning Commission of the Town of Wilton (commission), granting the application of the defendant Wilton Youth Football, Inc.,[1] for an amendment to an existing special permit and for site plan approval to allow the installation of an artificial turf field at the Middlebrook School in Wilton.[2] On appeal, the plaintiffs claim that the court improperly concluded that the commission's approval did not include prohibited trailers on the property. Specifically, the plaintiffs claim that the only evidence in the record before the commission was that the defendant's application included trailers that were prohibited by § 29-4.C.9 of the Wilton Zoning Regulations (regulations). Our review of the record reveals that the plaintiffs failed to raise this claim before the commission, and, accordingly, we decline to review it.

The following facts and procedural history are relevant to this appeal. Middlebrook School is located at 131 School Road and is situated in an R-2A district. Schools are allowed in this district by special permit. The school property includes an athletic field, which is used for sports and other activities. On May 6, 2015, the defendant filed an application with the commission[3] to amend the existing special permit for Middlebrook School "to allow the renovation of the existing natural grass field to an artificial turf field . . . ." The defendant's application also provided for the relocation of existing field lighting and for the installation of new field lighting.

The commission held a public hearing on the defendant's application that commenced on June 22, 2015, and was further continued to July 13, July 27, and September 15, 2015. The plaintiffs, owners of abutting property, were represented by counsel at the hearing and vigorously opposed the application. Several other individuals attended the hearing, some speaking in favor of the proposal and others speaking against it. Numerous exhibits were submitted to the commission.

After the public hearing was closed, the commission discussed the application on September 15, September 28, and October 13, 2015, as evidenced by the transcripts filed with this court. On October 13, 2015, the commission approved "the installation of an artificial turf field at Middlebrook School," subject to certain enumerated conditions, but denied "the relocation, placement or replacement of new or existing permanent and/or temporary lighting on the field site."

The plaintiffs appealed to the Superior Court, challenging the defendant's standing to file the application with the commission[4] and claiming that the commis-

sion's approval allowed for the relocation and continued use of outdoor storage trailers that are prohibited by the regulations. The plaintiffs filed their prehearing brief in support of their appeal on September 16, 2016, in which they argued, inter alia, that the commission's approval encompassed the defendant's use of prohibited storage trailers. The defendant's response in its prehearing brief filed on November 10, 2016, which was adopted by the commission and the town, was as follows: "Based on our review of the record, the *legality* of the existing storage containers on the [p]roperty was not raised before the [commission], only that they were unsightly, would have to be relocated as part of the project, and the [commission] [s]taff [r]eport suggested consideration of a more 'permanent solution.' " (Emphasis in original.) Additionally, the defendant stated that various submissions to the commission indicate that the alleged "trailers" were identified as "storage containers." Further, the defendant argued that the containers did not fall within the definition of "trailer" set forth in § 29-2.B.166 of the regulations.

In their reply brief filed on November 18, 2016, the plaintiffs argued that the commission's staff report referred to the containers as "storage trailers" and that the defendant's response to the staff report likewise described the containers as "trailers." The plaintiffs did not respond to the defendant's statement that the issue of the legality of the containers on the property had not been raised before the commission.

The trial court held a hearing on December 20, 2016.[5] On April 18, 2017, the court issued its memorandum of decision dismissing the plaintiff's administrative appeal. In its decision, the court noted that it had heard the testimony of witnesses and the arguments of counsel and that it had reviewed the trial exhibits and the record before the commission. After concluding that the defendant had standing to file the subject application with the commission, the court next addressed the issue regarding the alleged prohibited trailers. The court determined that (1) the comment in the commission's staff report about "trailers" addressed "their appearance and location" on the property, (2) the staff "did not raise the issue of whether [the containers] were prohibited" by the regulations, (3) the defendant's site layout plan "depicts and labels" the alleged trailers as "four storage containers," (4) the plaintiffs' counsel did not mention that the alleged trailers violated the regulations at the June 22, 2015 public hearing or in the letter he submitted to the commission in opposition to the defendant's application, and (5) no evidence was submitted to the commission to show that the containers were "vehicles," which is part of the definition of "trailers" set forth in the regulations.[6] The court then concluded that the commission's approval of the defendant's application "does not include the approval of prohibited trailers upon the subject property." The

plaintiffs filed the present appeal after this court granted their petition for certification to appeal.

In their appellate brief, the plaintiffs argue that the only evidence before the commission was that the containers were prohibited trailers. In response, the defendant, the commission, and the town, in their appellate brief, argue that this court should not consider the plaintiffs' claim about the legality of the alleged trailers because that issue was never raised before and addressed by the commission. Our review of the record reveals that the plaintiffs failed to raise this claim before the commission.[7] Therefore, we decline to review it.

"Our Supreme Court has previously held that [a] party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted before the board. We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial. . . . *Dragan* v. *Connecticut Medical Examining Board*, 223 Conn. 618, 632, 613 A.2d 739 (1992) . . . . Furthermore, [t]o allow a court to set aside an agency's determination upon a ground not theretofore presented . . . deprives the [agency] of an opportunity to consider the matter, make its ruling, and state the reasons for its action." (Citation omitted; internal quotation marks omitted.) *Ogden* v. *Zoning Board of Appeals*, 157 Conn. App. 656, 665, 117 A.3d 986, cert. denied, 319 Conn. 927, 125 A.3d 202 (2015).

The plaintiffs first raised this claim before the trial court. In his appellate brief and during oral argument before this court, the plaintiffs' counsel admitted that "the existence of the trailers issue was not known to the undersigned until reviewing the record in preparation of the appeal."[8] This claim should have been raised before the commission, so that it could determine whether the existing storage containers[9] on the property were prohibited trailers, as that term is defined in its regulations, and whether their relocation as proposed in the defendant's application would violate those regulations. "A local board or commission is in the most advantageous position to interpret its own regulations and apply them to the situations before it." (Internal quotation marks omitted.) *Doyen* v. *Zoning Board of Appeals*, 67 Conn. App. 597, 603, 789 A.2d 478, cert. denied, 260 Conn. 901, 793 A.2d 1088 (2002).

In the present case, the plaintiffs failed to set forth their claim that the storage containers shown on the defendant's plan were trailers prohibited by the regulations until their appeal to the trial court. As a result, the commission was never provided with an opportunity to evaluate this claim. Accordingly, we decline to review it.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We refer to Wilton Youth Football, Inc., as the defendant in this opinion.

[2] The town of Wilton (town) is the owner of the subject property and was also named as a defendant in this action.

[3] The town, as the owner of the subject property, provided written authorization for the defendant to file the subject application with the commission.

[4] The standing issue was adjudicated in favor of the defendant by the trial court, and that issue is not before this court.

[5] This court has not been provided with a transcript of the hearing before the trial court.

[6] Section 29-2.B.166 of the regulations provides: "TRAILER: Any vehicle which is, has been, or may be mounted on wheels designed to be towed or propelled by another vehicle which is self-propelled, and may or may not be equipped with sleeping or cooking accommodations, or afford traveling accommodations, or for the transportation of goods, wares or merchandise."

[7] During the four days of the public hearing on the subject application, the only mention of "trailers" was made by the defendant's counsel when he responded to the comments in the staff report. He indicated that the "trailers," which "store playing equipment," had to be relocated to accommodate "the grading for the field." At no point was the legality of the containers discussed at the public hearing or during the three days of deliberations by the commission when reviewing the defendant's application. Further, the commission's approval, with conditions, does not mention the containers.

[8] The same attorney represented the plaintiffs before the commission, the Superior Court, and this court, and, accordingly, he had all of the information he needed to challenge the containers as trailers at the time of the public hearing.

[9] There is no dispute that the containers were already on the property; the only issue before the commission regarding those containers was their relocation. If, indeed, the containers were trailers, as defined in the regulations, and their presence on the property was in violation of the regulations, an enforcement action by the zoning authority would have been an appropriate remedy.

————————————————————